UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATT LECHNER
Plaintiff

VS.                                              )        AMENDED
                                                 )        COMPLAINT
Capital Group Companies                          )        AS OF RIGHT
d/b/a Capital Guardian, Capital
Guardian Trust, Capital International,           )        CASE NO 3:05-CV-1410-WWE
Capital Research and Management,
Capital Bank and Trust, American Funds,
 AND,

Capital Research Brokerage,
Inc. a/k/a/ Capital Research Brokerage
Services LLC                                              September 22nd, 2005


Defendants                                       )

                                                 )

**JURISDICTION**

1. This court has subject matter jurisdiction of the action under 28 U.S.C. § 1332

because:

a. Plaintiffs is an individual who resides in and is a citizen of the State of New York.

b. The defendant Capital Group Companies et al is a corporation incorporated

under the laws of the State of California, and has its principal place of business in

that state and Defendant Capital Research Brokerage Inc. is a North Carolina

1

Limited Liability Company with a place of business in California.

c. There is complete diversity of citizenship between all plaintiffs and the defendant.

d. The matter in controversy exceeds $ 75,000, exclusive of interest and costs.

e. In personam jurisdiction is predicated, without limitation, on Connecticut General Statutes §33-929.

## **COUNT ONE: BREACH OF CONTRACT**

1. At all relevant times the acts complained of herein were perpetrated by the Defendants or their agents, servants, employees, administrators or the like within their scope of duty or authority to do so.

2. The Plaintiff was solicited and agreed to serve as a consultant to the Defendant Capital Group Companies (hereafter "Capital") a California Corporation, doing business as Capital Guardian, Capital Guardian Trust, Capital International, Capital Research and Management, Capital Bank and Trust and American Funds, regarding assistance in preparing a proposal for "Capital".

3. The Defendant Capital Research Brokerage, Inc. a/k/a/ Capital Research Brokerage Services LLC (hereafter Capital Inc.) is a North Carolina Corporation with a place of business in California.

4.  A Proposal to vend and manage an investment fund was solicited by the California Department of Personnel Administration, hereafter DPA, by way of a Request for Proposal, hereafter RFP.

5.  The Plaintiff (doing business in the State of Connecticut including the work involved which is the subject matter of this Complaint) at all relevant times held a Series 65 License and was duly licensed to act as he did.

6.  A requirement in writing of the RFP was that "The applicant firm must not be a broker or any third party selling another company's funds." Capital Inc. is a broker within the meaning of the regulatory scheme governing securities dealers.

7.  On or about May 24th, 2002 the Plaintiff submitted numerous comments and suggestions along with his analysis to Capital which was received by it on or about that date (and prior and subsequent thereto Plaintiff and Capital communicated, acted and did business within the State of Connecticut).

8.  The understanding of the parties was that the Proposal would be submitted to the DPA and if successful the Plaintiff would be due Prospectus defined compensation in accordance with the usual grid.

9.  Prior to that time Capital sent Plaintiff their Proposal to review and consult upon.

10. Even before receiving the Proposal, the Plaintiff made his recommendation as to the Investment Fund to utilize in the Proposal, which suggestion was fully incorporated by Capital.

11. The Proposal Plaintiff drafted and upon which he consulted never reached the State of California by the RFP deadline.

12. The Proposal that eventually was accepted by the State was one prepared by the Defendants jointly. Capital breached its agreement with the Plaintiff thereby damaging him by, inter alia:

A.  Failing to submit the Proposal containing his work within the required time period;

B.  Failing to compensate him;

C.  Partnering with another firm (Capital Inc.), from whom they would receive a rebate, and as a result Capital inc. and Capital individually and/or jointly frustrated the purpose of the contract between Capital and Plaintiff;

D.  Violating an implied covenant of good faith in not disclosing to Plaintiff that they were secretly partnering with Capital Inc. while allowing Plaintiff to continue working on the Proposal.

4

E. Engaging with Capital Inc. in wrongful conduct violating the contract and implied covenant of good faith thus damaging the Plaintiff in that:

1. They misrepresented the proposal with Capital Inc. as their own.

2. They used a co-proposer (Capital Inc.) with a nearly identical name so that the State of California would not see that the Proposal was from a brokerage firm, which would have automatically disqualified the Proposal.

3. They had to route the Proposal through an outside brokerage firm because Capital had explicit internal policy not to rebate fees, while brokerage firms could so do.

4. Capital perceived the need to rebate fees and submitted their Proposal through a brokerage firm (Capital Inc.) with a name nearly identical to their own so that the Proposal would not be disqualified.

5. Capital omitted the organizational chart which was required by the RFP, which in Plaintiff's written comments Plaintiff explicitly told them to include, because that would have exposed they were utilizing a brokerage firm (Capital Inc.) and disqualified their Proposal.

Case 2:06-cv-03856-R-FMO Document 2 Filed 06/20/06 Page 5 of 16 Page ID #:5

## COUNT TWO: TORTUOUS INTERFERENCE WITH BUSINESS/ECONOMIC RELATIONS OR EXPECTANCY

1-12. Paragraphs 1 through Twelve of Count One are hereby incorporated and made Paragraphs 1 through Twelve of Count Two.

13. The Plaintiff and Capital had a business relationship in that Plaintiff was a consultant for Capital on a certain aforesaid Proposal.

14. Capital Inc. and Capital intentionally or improperly jointly and individually deceptively interfered with Plaintiff's said business relationship, economic relations and expectancies in that they conspired together to submit their own Proposal to the State of California in lieu of Plaintiff's

14a. Further, Capital Inc. tortuously interfered with the relationship between Plaintiff and Capital and Plaintiff and the expectancy of a business relationship with the State of Califon because Capital Inc. would be wrongfully rebating monies through the hidden brokerage firm arrangements.

14b. Further, Capital and Capital Inc. misrepresented their true intentions to the DPA and Plaintiff by not revealing their rebate scheme in their Proposal.

15. Further, Capital and Capital Inc misappropriated Plaintiff's idea, suggestions and counsel to their own economic advantage denying Plaintiff any benefit

whatsoever from his expectancy and they committed other wrongful acts damaging the Plaintiff such as:

A.  Capital Failed to submit the Proposal containing his work within the required time period;

B.  Capital and Capital Inc. failed to compensate him;

C.  Capital Arranging with Capital Inc. to insert a rebating mechanism in violation of company policy thereby frustrating the purpose of Capital's contract with the Plaintiff and;

D.  Capital violated an implied covenant of good faith in not disclosing to Plaintiff that they were partnering with Capital Inc. while allowing Plaintiff to continue working on the Proposal.

E.  Capital further engaged in wrongful conduct violating the contract and implied covenant of good faith thus damaging the Plaintiff in that:

1. They misrepresented the proposal with Capital Inc. as their own.

2.  They used a co-proposer (Capital Inc.) with a nearly identical name so that the State of California would not see that the Proposal was from a brokerage firm (Capital Inc.) which would have automatically disqualified the Proposal.

3. They had to route the Proposal through an outside brokerage firm because Capital had explicit internal policy not to rebate fees, while brokerage firms could do so.

4. Because they perceived the need to rebate fees they submitted their proposal through Capital Inc., a firm with a name nearly identical to their own so that the proposal would not be disqualified.

5. They omitted the organizational chart which was required by the RFP, which in Plaintiff's written comments he explicitly told them to include, because that would have exposed they were utilizing a brokerage firm (Capital Inc.) and disqualified their Proposal.

16. The Plaintiff, as a result of the actions of Capital and Capital Inc. suffered actual and massive losses.

## COUNT THREE: UNJUST ENRICHMENT

1-12. Paragraphs 1 through Twelve of Count One are hereby incorporated and made Paragraphs 1 through Twelve of Count Three.

13. Capital and Capital Inc. profited and economically benefited by the Plaintiff's efforts.

14. Capital and Capital Inc unjustly, wrongfully and malevolently denied Plaintiff compensation for the benefits they received.

15. This failure of payment was solely to the Plaintiff's detriment and the benefit of Capital and Capital Inc., consequently damaging the Plaintiff.

### COUNT FOUR QUANTUM MERUIT

1-12. Paragraphs 1 through Twelve of Count One are hereby incorporated and made Paragraphs 1 through Twelve of Count Four.

13. Capital and Capital Inc. received the benefit of Plaintiff's work and services and were unjustly enriched thereby because they did not compensate Plaintiff for his services.

14. Consequently, the Plaintiff was damaged.

### COUNT FIVE VIOLATION OF CUSA

1-12. Paragraphs 1 through Twelve of Count One are hereby incorporated and made Paragraphs 1 through Twelve of Count Five.

13. Capital and Capital Inc profited and economically benefited by the Plaintiff's efforts.

9

14. Capital and Capital Inc unjustly did not pay the Plaintiff for the benefits they received.

15. The failure of payment was to the Plaintiff's detriment.

16. Capital as defined by Section 36b-5(a) and (F) was directly or indirectly receiving compensation from the State of California from the preparation and submission of the Proposal, including controlling certain rebates between them and Capital Inc. which rebates were presumably disallowed under the rules of the RFP.

17. The said Proposal was and is a "Security" within the meaning of the Connecticut Uniform Securities Act.

18. Capital and Capital Inc. are subject to the provisions of said act by maintaining distribution Agreements in many States including the State of Connecticut.

19. Capital and Capital Inc. sold or offered to sell to a purchaser, the State of California, a security or securities and did so by omitting material information including, without limitation:

A.  Capital and Capital Inc. upon information and belief had an agreement regarding remuneration between them which was not disclosed to the State of California.

B.  The Plaintiff performed significant work on the Proposal and his work was not properly credited, submitted or paid for as a result of the wrongful actions of Capital and Capital Inc.

C.  Capital and Capital Inc. individually and/or jointly in connection with the offer, sale or purchase of any security, directly or indirectly employed a device, scheme or artifice to defraud and omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading and engage in acts, practices, or a course of business which operates or would operate as a fraud or deceit upon any person in violation of the provisions of Connecticut General Statutes §36b-4(a) as more specifically alleged within all Counts of this Complaint.

D.  Further, Capital and Capital Inc. jointly and/or individually in connection with the offer, sale or purchase of any security, directly or indirectly engaged in a dishonest or unethical practice as more specifically alleged within all Counts of

this Complaint. in violation of the provisions of Connecticut General Statutes §36b-4(b).

20. Further, the above actions violated, without limitation, the provisions of Connecticut General Statutes §36b-5(a) and (F) et seq., as amended.

21. The Plaintiff was damaged thereby and has had to expend monies on Court costs and attorney's fees.

### COUNT SIX: VIOLATION OF CUTPA

1-12. Paragraphs 1 through Twelve of Count One are hereby incorporated and made Paragraphs 1 through Twelve of Count Six.

13. Capital and Capital Inc. profited and economically benefited by the Plaintiff's efforts.

14. Capital and Capital Inc. unjustly did not pay the Plaintiff for the benefits they received.

15. The failure of payment was to the Plaintiff's detriment.

16. Capital was directly or indirectly receiving compensation from the State of California from the preparation and submission of the Proposal.

17. The said Proposal was and is a "Security" within the meaning of Connecticut Uniform Securities Act.

18. Capital and Capital Inc. are subject to the provisions of said act.

19. Capital and Capital Inc. sold or offered to sell to a purchaser, the State of California, a security or securities and did so by omitting material information including, without limitation:

A. Capital and Capital Inc. upon information and belief had an agreement regarding remuneration between them which was not disclosed to the State of California.

B. The Plaintiff performed significant work on the Proposal and his work was not properly credited, submitted or paid for as a result of the wrongful actions of Capital and Capital Inc.

20. The above actions violated, without limitation, the provisions of Connecticut General Statutes §36b-5(a) and (F).

21. Capital and Capital Inc. actions were immoral, oppressive, unethical, illegal and/or unscrupulous and constituted an unfair trade act or practice within the meaning of Connecticut General Statutes § 42-110a,.

22. The actions of Capital and Capital Inc. violated the public policy of the State of Connecticut and Connecticut General Statutes § 42-110a, et seq., as amended.

23. The Plaintiff was damaged thereby and has had to expend monies on Court costs and attorney's fees.

                **THE PLAINTIFF**

**BY**_____
    **John Lino Ponzini**
    **Brandner & Ponzini**
    **24 Hoyt Street**
    **Stamford, CT 06905**
    **Juris No. 104095**
    **Telephone: (203) 327-5609**
    **Facsimile: (203) 327-6702**

## PRAYER FOR RELIEF

1. ALL DAMAGES.

2. ATTORNEY'S FEES PURSUANT TO CONNECTICUT GENERAL STATUTES §110g (g)

3. PUNITIVE DAMAGES PURSUANT TO CONNECTICUT GENERAL STATUTES §110g (a).

4. PUNITIVE DAMAGES.

            **THE PLAINTIFF**

            **BY**_____
            **John Lino Ponzini**
            **Brandner & Ponzini**
            **24 Hoyt Street**
            **Stamford, CT 06905**
            **Juris No. 104095**
            **Telephone: (203) 327-5609**
            **Facsimile: (203) 327-6702**

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent by U.S. mail, first class postage prepaid this 22nd day of September, 2005 to the following:

Craig S. Taschner, Esq.
Polivy & Taschner, LLC
Six Central Row
P.O. Box 230294
Hartford, Connecticut 06123-0294

Matthew J. Lang, Esq.
Law Offices of Dechert LLP
30 Rockefeller Plaza
Floor 22
New York, New York 10112-2299

John P. Odell, Esq.
Capital Research Brokerage Services LLC
107 S. Fair Oaks Avenue
Suite 315
Pasadena, California 91105


_____
John Lino Ponzini
Commissioner of the Superior Court

16